UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie Dalton, | Civil Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Kwik Trip, Inc., | |
| Defendant. | |

## INTRODUCTION

1. Plaintiff brings this action against Defendant under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* and its implementing regulations, in connection with Defendant's failure to offer blind patrons safe, independent, full and equal access to its point-of-sale transaction services.

2. Defendant offers its customers who are checking out the option to use a point-of-sale ("POS") terminal to pay for their purchases and an opportunity to receive cash back at the time of their purchase.

3. The "cash-back" feature typically presents itself as an option when a customer uses a debit card to complete a transaction at a POS terminal. As the customer inserts their debit card into the POS terminal, a series of prompts will display information and options to the customer. One option is to receive a specified amount of physical currency, the total of which is charged to the debit card in addition to the cost of the sale. An employee will then hand the requested cash to the customer.

4.     Plaintiff is an individual with a visual disability who, at all times relevant for purposes of this action, has had a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

5.     Plaintiff and other customers with visual disabilities who patronize Defendant's stores do not have the option to withdraw cash in the same private and safe manner that is available to all other customers.

6.     As explained more fully below, in order for Plaintiff to use the cash-back feature, Plaintiff must rely on a sighted employee or other third-party to complete the transaction, subjecting her to the risk of fraud and theft.

7.     This concern is not hypothetical. The National Federation of the Blind, the oldest and largest national membership organization of blind persons, has drawn attention to this significant concern in *National Federation of the Blind, Inc. et. al. vs. Wal-Mart Associates, Inc*. (18-CV-03301) (N.D. Maryland, 2018).

8.     In the National Federation of the Blind Wal-Mart case, Ms. Morales, a blind customer, was confronted with a POS device with a cash-back feature that required sight to use, like the Plaintiff was here. In order to complete his cash-back transaction, Ms. Morales relied on a sighted Walmart employee. Ms. Morales requested that she be provided $40 in cash-back, but later discovered that the Walmart employee had, unbeknownst to her, entered an $80 cash-back request, stealing $40 dollars from her.

9.     Technology exists that allows blind customers to engage in financial transactions safely and independently. For example, most ATM machines today allow blind individuals to complete transactions privately and independently by allowing the user

to access all information audibly through headphones and to make their selections using a tactile keypad. Taxi companies also employ accessible point-of-sale devices that allow blind riders to independently operate backseat payment systems without relying on the driver or a sighted companion. According to the National Federation of the Blind, Airline check-in-kiosks also permit full non-visual access, and accessible point-of-sale machines are also available. These devices utilize "text-to-speech" technology that translates the text displayed on the screen into audible, synthesized speech and provide tactile controls that allow blind users to make selections independently.

10. Although Defendant has been using POS terminals with cash-back features after the enactment of the ADA thirty years ago, it has failed to ensure that this new technology would be accessible to individuals with visual disabilities.

11. Plaintiff seeks the following declaratory and injunctive relief: (1) a declaration that Defendant's inaccessible POS terminals violate the ADA as described in this complaint; and, (2) an injunction requiring Defendant to update or replace all such POS terminals so that they are fully and independently accessible to blind or other vision impaired individuals.

**JURISDICTION AND VENUE**

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

13. Plaintiff's claims asserted in this complaint arose in this judicial district and Defendant does substantial business in this judicial district.

14. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## **PARTIES**

15. Plaintiff Julie Dalton is and, at all times relevant hereto, was a resident of Minnesota. As described above, Plaintiff is blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

16. Defendant Kwik Trip, Inc. (Kwik Trip) is a Corporation a corporation headquartered in Lacrosse, Wisconsin. Kwik Trip operates a chain of convenience stores in the Midwest, including many stores in Minnesota.

17. Defendant is public accommodation pursuant to 42 U.S.C. §12181(7).

## **FACTUAL ALLEGATIONS**

16. Plaintiff visited Defendant's store located at 1112 2nd Ave. NW, in Faribault, Minnesota (the Faribault Location) in 2020.

17. The Faribault Location is within the area that Plaintiff typically travels as part of Plaintiff's regular activities.

18. During the visit, Plaintiff wished to withdraw cash from Defendant's POS terminal by using the widely available cash-back feature.

19. However, the cash-back feature of Defendant's POS terminal, as presently designed and employed, cannot be operated by individuals with visual disabilities because

it displays words and images on a screen which are not announced or otherwise described through an audio output function.

20.     Defendant's POS terminal fails to provide audio output sufficient to indicate that there is a cash-back feature and related options, even though this information appears visually on the screen. The POS terminal also fails to announce the amounts of money that can be selected for cash-back. And the POS terminal also does not announce the amount of money actually dispensed when a customer uses the cash-back feature, even though this information also appears visually on the screen.

21.     Because the POS terminal at Defendant's store was inaccessible, in that it did not provide customers with visual disabilities with audible information necessary to complete a cash-back transaction, Plaintiff and other customers with visual disabilities are deprived of the freedom to use the POS terminals safely and independently, as all other customers can.

22.     The only option for Plaintiff and other customers with visual disabilities to use the cash-back feature is to ask an employee or other third-party to complete the cash-back transaction. But, as set forth above, relying on third-party assistance to operate the POS terminal for cash-back creates an unnecessary risk of theft and breach of privacy.

23.     Plaintiff is cognizant of and concerned about the risk of theft, as there is no way Plaintiff can independently discern the actual amount of cash that is dispensed except for relying on a third-party. As a result, Plaintiff could not and was not able to safely and independently use Defendant's POS cash-back feature when she visited Defendants location described herein.

24. Defendant's POS terminal denies Plaintiff and other customers with visual disabilities the same ability to and convenience of getting cash back safely and privately as it provides to its other customers who do not have visual disabilities.

25. On information and belief, Defendant uses the same inaccessible POS terminals in all of its stores.

26. Defendant could use readily available technology that affords individuals with visual disabilities functional capabilities to use all available features and provides audio output of all necessary information.

27. As set forth above, this technology is not novel or unique.

28. Indeed, Plaintiff is able to regularly use accessible ATMs, and other accessible self-service technology, independently and without compromising security or increasing risk of theft.

29. Plaintiff seeks the same full and equal access to Defendant's POS terminals to be able to complete cash-back transactions independently and securely in the same manner that Defendant affords to all other customers.

30. Absent the relief requested in this matter, Plaintiff and individuals with visual disabilities like her will continue to be denied full and equal enjoyment of Defendant's POS terminals.

## CAUSE OF ACTION

## VIOLATION OF TITLE III OF THE ADA

31. The allegations set forth in the previous paragraphs are incorporated by reference.

32. Defendant has discriminated, and continues to discriminate, against Plaintiff by failing to ensure its POS terminals are fully accessible to, and independently usable by, individuals with visual disabilities.

33. Plaintiff has been, and continues to be, denied full and equal access to Defendant's POS terminals due to the inaccessible nature of the POS terminals which fail to provide Plaintiff with all necessary information and functionality to operate and use all available features and privileges of the POS terminal.

34. Defendant's ongoing failure to provide Plaintiff full and equal enjoyment of the POS terminals constitutes unlawful discrimination on the basis of a disability in violation of 42 U.S.C. § 12101 *et seq.*

35. Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

36. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and others with visual disabilities.

37. Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals with visual disabilities, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA and its implementing regulations described above, as described above;

b. A permanent injunction which directs Defendant to take all steps necessary to bring all its POS terminals into full compliance with the requirements set forth in the ADA, so that they are fully accessible to, and independently usable by, individuals with visual disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its POS terminals are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted an institutional policy and practice that will in fact cause Defendant to remain in compliance with the law;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, and nominal damages; and,

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Date: January 12, 2021			Respectfully submitted,

**THRONDSET MICHENFELDER, LLC**

*/s/ Patrick W. Michenfelder*
Patrick W. Michenfelder (#024207X)
Chad Throndset (#0261191X)
Cornerstone Building
One Central Avenue West, Suite 101
St. Michael, MN 55376
Tel: (763) 515-6110
Fax: (763) 226-2515
pat@throndsetlaw.com
chad@throndsetlaw.com

**CARLSON LYNCH, LLP**
R. Bruce Carlson
Elizabeth Pollock-Avery
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com
eavery@carlsonlynch.com
*\*Pro Hac Vice Applications Forthcoming*

*Attorneys for Plaintiff*